## Lake Erie & Western Railroad Co. v. Michael M. Morrissey.

1. FORMER DECISIONS—*Followed.*—The declaration in this case is very similar to the fourth count in the case of Illinois Central R. R. Co. v. Sanders, 166 Ill. 270, and from the evidence in the record the court thinks the case very similar in its facts to that case, and that it must govern the decision here.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

Tipton & Tipton, attorneys for appellant; John B. Cockrum, of counsel.

· John E. Pollock and Fitz Henry & Pollock, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the Court.

This was an action on the case by the appellee against the appellant to recover damages for a personal injury, commenced and prosecuted to judgment in the Circuit Court of McLean County. There was a trial by jury and a verdict for the appellee for $7,000.

The appellant brings the case to this court and urges a reversal for the reason, as it claims, that the court below erred in its instructions to the jury; that the verdict is against the law and the evidence, and that the damages are excessive.

The declaration charges that the appellant permitted that portion of its track in the switch limits of the village of East Lynn, a station on its road where it received and discharged freight and passengers, and where cars were coupled and uncoupled on freight trains passing there, to become and remain in an unsafe condition, in this, that certain ties were carelessly permitted to remain above the surface of the ground, and the railroad track to remain above the ground, and negligently failed to have the ground between the ties and bottom of the rail filled up, so that the appellee, when coupling and uncoupling cars passing along and over said track in said switch limits, could safely perform his duties as conductor of a freight train passing through said village; that the appellee, as a servant of the appellant, while coupling cars in said switch limits at night, and when using due care for his safety, not knowing the condition of the track, got his foot caught between the rail and the ground so he could not pull it out before one of the cars he was trying to couple to his train ran over his left leg, crushing it so that it had to be amputated above the knee.

The appellant pleaded not guilty.

The evidence shows that the appellee was a conductor on a freight train of the appellant, and on the night of August 14, 1897, when attempting to couple an "Empire Line Car" onto his train, in the switch yards of East Lynn, where he was not familiar with the condition of the road bed, got his foot caught behind a cross tie and between one of the rails and the ground, in a space there, so he could not pull it out, and the car he was trying to couple to his train, ran over his left leg and crushed it so it was necessary to amputate it above the knee.

The declaration in this case is very similar to the fourth count of the declaration in the case of the Illinois Central R. R. Co. v. Sanders, 166 Ill. 270, and from the evidence in this record, we think the case very similar in its facts to that case.

As the Supreme Court held there was a liability in that case, we think there is also in this. The instructions of the court to the jury are free from any reversible error, and the amount of the damages we can not say are excessive; hence we affirm the judgment of the Circuit Court.

Judgment affirmed.